United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELENA MARQUARITA DOMINEY LANGSTON, *et al.* | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 4:25-CV-02805 |
| BARBARA ANN DOMINEY, *et al.* | | |
| Defendants. | | |

## ORDER

Pending before this Court is Defendant West, Webb, Allbritton & Gentry, P.C.'s ("WWAG") Rule 12(b)(6) Motion to Dismiss (Doc. No. 11), Defendants Barbara Ann Dominey, Teresa Eddinger, and Allison Allen, in their Individual and Representative Capacities (collectively, "Individual Defendants") Motion to Dismiss for *Forum Non Conveniens* and Motion to Compel Arbitration (Doc. No. 12), Defendants' Joint Motion for Protective Order (Doc. No. 25), and Plaintiffs Elena Marquarita Dominey Langston, Florence Dominey Campbell, and Matthew David Dominey, Individually and as Beneficiaries of the Dominey 2012 Irrevocable Trust and the Dominey Insurance Trust (collectively, "Plaintiffs") Motion for Reconsideration Order Granting Defendants' Motion to Stay Discovery (Doc. No. 27). The Court is also in receipt of all responses, replies, and sur-replies to the pending motions. (Doc. Nos. 14, 15, 16, 17, 18, 19). Upon careful consideration of the filings and relevant legal standards, the Court hereby **GRANTS-IN-PART** Individual Defendants' Motion to Dismiss for *Forum Non Conveniens* (Doc. No. 25) and **CONDITIONALLY GRANTS** Defendant WWAG's Rule 12(b)(6) Motion to Dismiss (Doc. No. 11).

## I.  Factual Background

This case arises from an alleged breach of a settlement agreement related to the administration of two trust funds. (Doc. No. 1 at 1). Plaintiffs are the named beneficiaries of two trusts—the "Dominey Insurance Trust of 1993" and the "Dominey 2012 Irrevocable Trust." (*Id.* at 4). The Plaintiffs' stepmother, Barbara Dominey, along with Teresa Eddinger and Allison Allen, are the trustees of both funds. (*Id.* at 2). In 2021, Plaintiffs sued Barbara Dominey, Teresa Eddinger, and Allison Allen ("Individual Defendants") for fraud and breach of fiduciary duty related to their administration of the trusts in state court in Walker County, Texas. (*Id.* at 5). West, Webb, Allbritton & Gentry, P.C.'s ("WWAG"), which is a defendant here, represented the Individual Defendants in the state court litigation. (Doc. No. 15 at 3). Plaintiffs were represented by other counsel. (Doc. No. 12 at 8). On August 5, 2022, the parties reached a settlement agreement. (Doc. No. 12-1). Each of the Plaintiffs and Individual Defendants signed the written settlement agreement. (Doc. No. 12-1 at 21).

On June 17, 2025, Plaintiffs filed this lawsuit directly in this Court based on diversity jurisdiction. (Doc. No. 1). Plaintiffs allege that "[t]his case arises from the settlement the parties reached in a previous lawsuit" and that "Defendant Dominey has breached the terms of the Settlement Agreement, improperly withheld funds from Plaintiffs, and used the trust's funds for her benefit." (*Id.* at 2). Specifically, Plaintiffs allege that the Individual Defendants are liable for breach of the settlement agreement and breach of fiduciary duty, and WWAG is liable for "knowing participation in breach of fiduciary duty" "[b]y accepting funds from the Dominey Family Trust for work." (*Id.* at 9–11). The Individual Defendants filed a Motion to Dismiss for *Forum Non Conveniens* (Doc. No. 12) and WWAG filed a Motion to Dismiss for

Failure to State a Claim (Doc. No. 11). The Court separately addresses the motions to dismiss below.

## II.     Individual Defendants' Motion to Dismiss for *Forum Non Conveniens*

The Individual Defendants argue that this case should be dismissed for *forum non conveniens* because the executed settlement agreement that forms the basis of this suit includes a mandatory forum selection clause. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). The doctrine of *forum non conveniens* "enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001). Finding that the forum selection clause requires the claims against the Individual Defendants to be brought in Walker County, Texas, the Court **GRANTS** the request to dismiss (Doc. No. 12).

The Individual Defendants argue that the mandatory forum selection clause included in the executed settlement agreement requires that any litigation relating to the agreement must be brought in a state court in Walker County, Texas. (Doc. No. 12). The settlement agreement states:

### VII.     Governing Law

All claims arising out of or relating to this Agreement will be governed by Texas law, without regard to or application of any conflict of laws rules. This Agreement shall be deemed performable in whole or in part in Walker County, Texas. **The parties agree that the venue for any litigation related to this Agreement shall be in Walker County, Texas unless otherwise agreed to by the Parties.**

3

(Doc. No. 12-1 at 12) (emphasis added). While neither party disputes the validity of this mandatory forum selection clause, Plaintiffs argue that "in Walker County, Texas" includes this Court because the United States District Court for the Houston Division of the Southern District of Texas has jurisdiction over Walker County, Texas. (Doc. No. 15).

This is not an interpretation issue of first impression. In *Alliance Health Group, LLC v. Bridging Health Options, LLC*, the Fifth Circuit held that a forum selection clause requiring venue "in Harrison County, Mississippi" allowed the case to proceed in federal court only because the federal court was physically located in Harrison County. 553 F.3d 397, 400 (5th Cir. 2008) ("Accordingly, the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."). In reaching this holding, the court relied on examples of the counterfactual—when the federal court is *not* located within the specific county. *See, e.g., Navickas v. Aircenter, Inc.*, No. 1:02-CV-363, 2003 WL 21212747 (E.D. Tenn. Apr. 10, 2003) (holding that a clause stating "venue . . . shall be in Marion County" required the lawsuit to be filed in state court because no federal court was physically located in Marion County); *First Nat'l of N. Am., LLC v. Peavy*, No. 3-02-CV-0033BD(R), 2002 WL 449582 (N.D. Tex. Mar. 21, 2002) (holding that a clause stating "all claims shall be litigated only in Collin County, Texas" must be brought in state court because no federal court was physically located in Collin County); *Collin Cnty. v. Siemens Bus. Servs., Inc.*, No. 06-40302, 2007 WL 2908926 (5th Cir. 2007) (unpublished) (holding that because there was a "distinction between courts encompassing an area and those sitting in or hearing cases in an area," venue was only proper in state court in Collin County, Texas).

District courts within this Circuit continue to apply the principle set out in *Alliance Health Group* to forum selection clauses that only identify a specific county. *See, e.g., Lake*

4

*Point Advisory Grp., LLC v. Massenburg*, No. 3:19-CV-2407-X, 2020 WL 2042345 (N.D. Tex. Apr. 28, 2020) (dismissing the case for improper venue because the forum selection clause only identified courts "in Rockwall County, Texas"); *Polaris Eng'g, Inc. v. Tex. Int'l Terminals, Ltd.*, No. H-20-3389, 2021 WL 5155691 (S.D. Tex. Apr. 16, 2021) ("Clauses that provide for venue in the courts *in* a specific county permit venue in either state or federal court, as long as a federal courthouse exists in that county."); *Buc-ee's, Ltd. v. Bldg. & Earth Scis., Inc.*, No. 3:23-CV-234, 2023 WL 8188853 (S.D. Tex. Nov. 27, 2023) (holding that despite a forum selection clause stating "the state or federal courts situated in Brazoria County, Texas" did not permit the case to be brought in the Galveston Division of the Southern District of Texas because it does not sit in Brazoria County).

The present case is no different. The lawsuit specifically arises from a breach of the "settlement the parties reached in a previous lawsuit." (Doc. No. 1 at 2). That same settlement agreement—signed by all of the Plaintiffs and Individual Defendants—explicitly states that "any litigation related to this Agreement shall be in Walker County, Texas." (Doc. No. 12-1 at 12). This Court does not sit in Walker County, Texas. In fact, while Walker County is within the Houston Division of the Southern District of Texas, there are no federal courts that actually sit in Walker County, Texas. Therefore, according to the *Alliance Health Group* doctrine, the only proper venue for this dispute is in a state court in Walker County, Texas. Accordingly, this Court declines to exercise jurisdiction under the doctrine of *forum non conveniens* and **GRANTS-IN-PART** the Individual Defendants' Motion to Dismiss and Motion to Compel Arbitration (Doc. No. 12). All claims against the Individual Defendants are dismissed without prejudice.

### III.     Motion to Dismiss Claims Against West, Webb, Allbritton & Gentry, P.C.

After dismissing the claims against the Individual Defendants for *forum non conveniens*, this Court must still address the pending claims against Defendant West, Webb, Allbritton & Gentry, P.C. ("WWAG"). WWAG filed a separate Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11). While WWAG represented the Individual Defendants in the underlying state court litigation and assisted in the drafting of the settlement agreement, the firm itself was not a party to the agreement. Therefore, the forum selection clause controlling the claims against the Individual Defendants does not apply to the Plaintiffs' claim that WWAG is liable for "knowing participation in breach of fiduciary duty." (Doc. No. 1 at 11).

This Court applies the well-accepted standard in evaluating a Rule 12(b)(6) motion. A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

In this case, Plaintiff alleges that WWAG knowingly participated in Defendant Barbara Dominey's breach of her fiduciary duty to the Plaintiffs. (Doc. No. 1 at 11). Plaintiff summarily alleges that WWAG "knew about the relationship between Plaintiffs and Barbara [Dominey]" and "[b]y accepting funds from the Dominey Family Trust for work charged to Barbara [Dominey], [WWAG] was aware that they were participating in a breach of a fiduciary relationship." (*Id.*). Plaintiffs do not plead any factual allegations regarding the law firm's involvement in the alleged breach of fiduciary duty.

WWAG argues that Plaintiffs failed to plead enough facts to state a claim for knowing participation in breach of fiduciary duty. "It is settled as the law of this State that where a third party knowingly participates in the breach of the duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (1942). This is a derivative claim, which requires an underlying breach of fiduciary duty in which the defendant knowingly participates. *Id.* To state a claim for knowing participation in breach of fiduciary duty, a plaintiff must allege enough facts to show: (1) the existence of a fiduciary duty owed by a third party to plaintiff; (2) the defendant knew of the fiduciary relationship; and (3) the defendant was aware of his participation in the third party's breach of its duty." *Straehla v. AL Global Servs., LLC*, 619 S.W.3d 795, 804 (Tex.App.—San Antonio 2020, pet. denied).

While Plaintiffs plead sufficient facts to establish the fiduciary relationship between the trust beneficiaries and trustees and WWAG's general knowledge of that fiduciary relationship, Plaintiffs stopped short of alleging facts to support WWAG's awareness or help, if any, in the

7

claimed breach of that fiduciary duty. Throughout the entire Complaint, WWAG is only mentioned a handful of times. Plaintiffs allege that Barbara Dominey used funds from the Dominey Family Trust to pay her attorneys at WWAG and that the firm accepted those payments. (Doc. No. 1 at 7). Plaintiffs do not allege, other than a brief conclusory statement reciting the elements of the claim, any facts to support the contention that WWAG had knowledge of the alleged breach or any specific involvement. While the Court accepts the well-pleaded factual allegations as true, Plaintiffs did not demonstrate any "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Thus, the Complaint has failed to support the claim under Rule 12(b)(6).

The Court also notes that WWAG asserted the attorney-immunity defense. In Texas, there is a general rule that "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398 (Tex.App.—Houston [1st Dist.] 2005, pet. denied). Nevertheless, attorneys may not be protected from liability to non-clients for their actions when the actions are not "the kind of conduct in which an attorney engages when discharging his duties to his clients." *Id.* (quoting *Dixon Fin. Servs., Ltd. V. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-00696-CV, 2008 WL 746548 (Tex.App.—Houston [1st Dist.] Mar. 20, 2008, pet. denied)). "Put differently, an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). For example, attorneys are not entitled to the attorney-immunity defense for "the damages caused by his participation in a fraudulent business scheme with his client." *Canter Hanger*, 467 S.W.3d at 482.

WWAG argues that the facts alleged in the Complaint do not overcome the attorney-immunity defense, as the Complaint only alleges that WWAG accepted money from its client, Barbara Dominey. WWAG contends that accepting money from a client is well within the scope of legal representation and is thus an action protected by the defense. In response to this argument, Plaintiffs argue that defense did not apply because WWAG "improperly receive[d] tens of thousands of dollars from the Dominey Trust" and that accepting payments was "improper self-dealing." (Doc. No. 14 at 4). While Plaintiffs included these allegations in their briefing, these allegations are not in the Complaint. *See generally* (Doc. No. 1). Nevertheless, as discussed above, Plaintiffs do not plead any factual basis that would explain why the acceptance of the payment of attorneys' fees equates to participation in the breach of fiduciary duty. While Plaintiffs argue that the "improper self-dealing" and participation in the breach of fiduciary duty is outside the scope of representation, Plaintiffs do not allege any facts to support even an inference of wrongdoing or explain with any factual allegations that accepting payment from a client is an act that is not protected by the attorney-immunity defense. Without such allegations that would, if true, overcome the attorney-immunity defense and without pleading enough facts to show that WWAG was aware of the breach of fiduciary duty, the Court must conditionally dismiss the claim against WWAG.

Nevertheless, the Fifth Circuit has advised that "[n]ormally, a plaintiff should be afforded at least once chance to remedy all identified flaws in his pleadings" in the interest of fairness. *Jack v. Evonik Corp.*, 79 F.4th 547, 565 (5th Cir. 2023). WWAG's Motion to Dismiss (Doc. No. 11) is therefore **CONDITIONALLY GRANTED.**

### IV. Conclusion

For the foregoing reasons, the Individual Defendants' Motion to Dismiss for *Forum Non Conveniens* and Motion to Compel Arbitration (Doc. No. 12) is **GRANTED-IN-PART**. All claims against the Individual Defendants are dismissed without prejudice pursuant to the mandatory forum selection clause. WWAG's Rule 12(b)(6) Motion to Dismiss (Doc. No. 11) is **CONDITIONALLY GRANTED**. Plaintiffs have until **February 13, 2026** to file a First Amended Complaint. If no amended complaint is filed, the case is dismissed. If one is timely filed, Defendant WWAG will have twenty-one days to respond to that amended complaint as it sees fit. Defendants' Motion for Protective Order (Doc. No. 25) and Plaintiffs' Motion for Reconsideration Order Granting Defendants' Motion to Stay Discovery (Doc. No. 27) are denied as moot.

It is so ordered.

Signed on this the 16 day of January 2026.

Andrew S. Hanen
United States District Judge