United States District Court
Southern District of Texas

**ENTERED**

July 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELENA MARQUARITA DOMINEY LANGSTON, *et al.* | § § § | |
| *Plaintiffs,* | § § § | |
| VS. | § § § | CIVIL ACTION NO. 4:25-CV-02805 |
| WEST, WEBB, ALLBRITTON & GENTRY, P.C., | § § § § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Defendant West, Webb, Allbritton & Gentry, P.C.'s ("West Webb") Rule 12(b)(6) Motion to Dismiss (Doc. No. 31). Plaintiffs Elena Marquarita Dominey Langston, Florence Dominey Campbell, and Matthew David Dominey, Individually and as Beneficiaries of the Dominey 2012 Irrevocable Trust and the Dominey Insurance Trust of 1993 (collectively referred to as the "Plaintiffs") filed a response in opposition. (Doc. No. 32). Upon careful consideration of the pleadings and relevant legal standards, the Court hereby **DENIES** Defendant West Webb's Rule 12(b)(6) Motion to Dismiss (Doc. No. 31).

### I.    Factual Background

This case arises from a dispute over the administration of a $50 million estate. (Doc. No. 30). Plaintiffs are the beneficiaries of the "Dominey 2012 Irrevocable Trust" (hereinafter referred to as "the Dominey Trust"). (*Id.* at 4). The Dominey Trust is funded by ownership shares in Dominey Family Enterprises LLC, which owns real property, most of which is located in Walker County, Texas. (*Id.* at 4). The Plaintiffs' stepmother, Barbara Dominey, is the sole manager of the company. (*Id.*). The following chart demonstrates the hierarchy of the entities at interest herein:



(*Id.* at 5). After the Plaintiffs sued Barbara Dominey and her co-trustees for fraud and breach of fiduciary duty in Walker County, Texas in 2021 for the fraudulent distribution of the Dominey Trust, the Plaintiffs allege that the parties settled the case and agreed, among other things, that Barbara Dominey would "sell real estate owned by the trust and distribute the proceeds to Plaintiffs." (*Id.* at 6). West, Webb, Allbritton & Gentry, P.C. ("West Webb") represented Barbara Dominey, in her individual capacity, in that Walker County dispute. (*Id.*).

Nearly four years later after the alleged settlement, the Plaintiffs brought this lawsuit against Barbara Dominey, her co-trustees, and West Webb in this Court for fraud and breach of fiduciary duty. (*Id.* at 1). The Plaintiffs allege that Barbara Dominey and her co-trustees are liable for the breach of the settlement agreement and breach of fiduciary duty and that West Webb is liable for "knowing participation in breach of fiduciary duty" "[b]y accepting funds from the Dominey Family Trust for work" performed exclusively for Barbara Dominey—not for the Plaintiffs or for Dominey Family Enterprises LLC. (*Id.* at 9–11). While this Court later dismissed the claims against Barbara Dominey and her co-trustees for improper venue due to a venue provision in the settlement agreement, this Court only conditionally dismissed the claims against

2

West Webb. *See generally* (Doc. No. 29). This Court explained that the Plaintiffs only summarily alleged that West Webb "knew about the relationship between Plaintiffs and Barbara" and that "[b]y accepting funds from the Dominey Family Trust for work charged to Barbara, [West Webb] was aware that they were participating in a breach of a fiduciary relationship." (*Id.* at 7) (quoting (Doc. No. 1 at 11)). The Court found that because the "Plaintiffs do not plead any factual allegations regarding the law firm's involvement in the alleged breach of fiduciary duty" or how any actions would overcome the attorney-immunity defense, the Plaintiffs had failed to state a claim against West Webb.

Nevertheless, adhering to the Fifth Circuit's guidance that "a plaintiff should be afforded at least one chance to remedy all identified flaws in his pleadings," *Jack v. Evonik Corp.*, 79 F.4th 547, 565 (5th Cir. 2023), the Court permitted the Plaintiffs to amend their Complaint against West Webb. After the Plaintiffs filed their First Amended Complaint, West Webb filed the pending Rule 12(b)(6) Motion to Dismiss (Doc. No. 31). The Court addresses the pending Motion below.

## II.    Legal Standards

This Court applies the well-accepted standard in evaluating a Rule 12(b)(6) motion. A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*,

550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

### III.    Analysis

The Plaintiffs allege that West Webb knowingly participated in a breach of fiduciary duty by accepting funds from the Dominey Family Trust for legal services provided solely to Barbara Dominey in her individual capacity—not to the Dominey Family Trust, Dominey Family Enterprises, or the Plaintiffs. (Doc. No. 30 at 7–8). "It is settled as the law of this State that where a third party knowingly participates in the breach of the duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (1942). This is a derivative claim, which requires an underlying breach of fiduciary duty in which the defendant knowingly participates. *Id.* To state a claim for knowing participation in breach of fiduciary duty, a plaintiff must allege enough facts to show: (1) the existence of a fiduciary duty owed by a third party to plaintiff; (2) the defendant knew of the fiduciary relationship; and (3) the defendant was aware of his participation in the third party's breach of its duty." *Straehla v. AL Global Servs., LLC*, 619 S.W.3d 795, 804 (Tex. App.—San Antonio 2020, pet. denied).

First, the Court finds that the Plaintiffs sufficiently pleaded enough facts to show the existence of a fiduciary duty and that West Webb knew of the fiduciary duty. *Straehla*, 619 S.W.3d 795, 804. The Plaintiffs allege that "[a]s trustee of the Dominey Family Trust and Manager of Dominey Family Enterprises, Barbara [Dominey] owes a fiduciary duty to [the] Plaintiffs" and

4

that "[t]his fiduciary duty prohibited Barbara [Dominey] from exploiting her access to the Dominey Family Trust and Dominey Family Enterprises to use those funds for her own personal benefit." (Doc. No. 30 at 8). It is well-established that "[a]s a matter of law, a trustee owes a fiduciary duty to the trust beneficiar[ies]." *Hanover Ins. Co. v. Oryx Oilfield Holdings, LLC*, No. 4:18-CV-832-A, 2019 WL 6250851, at *3 (N.D. Tex. Nov. 22, 2019). Accepting as true, as this Court must, that "West Webb, as part of its representation of Barbara Dominey and Dominey Family Enterprises LLC . . . was fully aware of how [the Dominey Family Trust] was structured" and "participated in establishing . . . the Plaintiffs' trusts as part of Dominey Family Enterprises' limited liability company framework," the Court finds that the Plaintiffs sufficiently pleaded facts to satisfy the first two elements of the claim at this stage of the litigation.

Second, the Court finds that the Plaintiffs have pleaded enough facts to show that West Webb was aware of its participation in Barbara Dominey's breach of duty. *Straehla*, 619 S.W.3d 795, 804. While the Original Complaint failed to allege with any specificity that West Webb was aware of the alleged breach of fiduciary duty, the First Amended Complaint provides a detailed account of the allegations. The Plaintiffs allege that after the parties settled the underlying state court litigation, the Settlement Agreement stated that "[a]ll costs of court and attorneys' fees are to be borne by the Party incurring same." (Doc. No. 30 at 6). Despite the alleged agreement that Barbara Dominey was expected to pay her own legal fees for her personal legal representation provided by West Webb, the Plaintiffs allege that Barbara Dominey used the Dominey Family Trust account (99.8% of which is allegedly owned by the Plaintiffs) to pay her personal legal fees to West Webb. (*Id.*). The Plaintiffs allege that "West Webb contributed to and enabled this process" by directly invoicing Dominey Family Enterprises for work performed for Barbara Dominey in her individual capacity. (*Id.*). Accordingly, the Plaintiffs allege that "West Webb

5

accepted funds that they knew came from the Dominey Family Trust to pay for these services." (*Id.*). The Plaintiffs allege that "[i]n total, West Webb accepted tens of thousands of dollars of the Dominey Family Trust's funds for work performed, not for Dominey Family Enterprises, LLC or the Dominey Family Trust, but for work performed for Barbara Dominey individually" and that "these acts . . . were performed in knowing participation with [her] breach of fiduciary duty, as [West Webb] was her counsel in the underlying litigation in Walker County, and was aware of the terms of the Settlement Agreement and was aware of the structure of Dominey Family Enterprises with Plaintiffs' trusts." (*Id.* at 7).

West Webb argues that these allegations are not pleaded with enough specificity to sufficiently state a claim. While acknowledging the new allegations pleaded in the First Amended Complaint, West Webb contends that the Plaintiffs "cannot articulate any nonconclusory factual allegations concerning West Webb's awareness of, help with, or involvement in any alleged breach of fiduciary duty." (Doc. No. 31 at 6). West Webb further requests this Court to consider facts outside of the pleadings (without any provided evidence) and find that the legal work was, in fact, related to Dominey Family Enterprises—not Barbara Dominey. The Court declines the request to address the merits of the allegations at this stage of the litigation. *See Colindres v. Univ. Tex. MD Anderson Cancer Center*, 4:18-CV-00163, 2018 WL 2427160 (S.D. Tex. May 30, 2018) ("In considering a motion to dismiss under Rule 12(b)(6), a court may not look beyond the face of the pleadings."). Accepting all well-pleaded facts in the First Amended Complaint as true and viewing those facts in the light most favorable to the Plaintiffs, *Sonnier*, 509 F.3d at 675, the Court finds that the Plaintiffs have sufficiently alleged that West Webb knowingly accepted funds from Dominey Family Enterprises LLC (99.8% owned by the Plaintiffs) for legal work provided to

Barbara Dominey in her individual capacity and was therefore aware of its participation in the breach of fiduciary duty that Barbara Dominey owed to the Plaintiffs.

Lastly, the Court considers that attorney-immunity defense raised by West Webb. West Webb argues that the allegations in the First Amended Complaint are protected by the attorney-immunity defense because the alleged actions were within the scope of legal representation. (Doc. No. 31 at 10). As the Court explained in is previous order, in Texas, there is a general rule that "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Nevertheless, attorneys may not be protected from liability to non-clients for their actions when the actions are not "the kind of conduct in which an attorney engages when discharging his duties to his clients." *Id.* (quoting *Dixon Fin. Servs., Ltd. V. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-00696-CV, 2008 WL 746548 (Tex.App.—Houston [1st Dist.] Mar. 20, 2008, pet. denied)). "Put differently, an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). For example, attorneys are not entitled to the attorney-immunity defense for "the damages caused by his participation in a fraudulent business scheme with his client." *Canter Hanger*, 467 S.W.3d at 482.

The Court previously held that the factual allegations in the Original Complaint "do not overcome the attorney-immunity defense, as the Complaint only alleges that [West Webb] accepted money from its client, Barbara Dominey." (Doc. No. 29 at 9). While West Webb argues that the First Amended Complaint still fails to allege facts that would overcome the attorney-immunity defense, the Court disagrees. As described above, the First Amended Complaint includes

7

far more specific facts related to the payments accepted by West Webb, including that West Webb knowingly accepted funds for the representation of Barbara Dominey, in her individual capacity, from Dominey Family Enterprises or the Dominey Trust, which are funds that are held in trust almost entirely for the benefit of the Plaintiffs. The Court finds that, accepting these well-pleaded factual allegations as true, knowingly accepting funds that are held in trust for the benefit of other individuals in exchange for legal services provided to the trustee, individually, is not "the kind of conduct in which an attorney engages when discharging his duties to his clients." *Canter Hanger*, 467 S.W.3d at 481. Accordingly, the Court finds that the factual allegations in the First Amended Complaint are sufficient to overcome the attorney-immunity defense at this stage of the litigation.

## IV.    Conclusion

For the foregoing reasons, West Webb's Rule 12(b)(6) Motion to Dismiss (Doc. No. 31) is **DENIED.**

It is so ordered.

Signed on this the _____ day of July 2026.

Andrew S. Hanen
United States District Judge

8